# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **CAROL ELLIS, et al.,** } | |
| } | |
| Plaintiffs, } | |
| } | |
| v. } | Case No.: CV 05-P-0229-P |
| } | |
| **WYETH, et al.,** } | |
| } | |
| Defendants. } | |

## MEMORANDUM OPINION

The court has before it Plaintiffs' Emergency Motion to Remand and Motion for Sanctions (Doc. #5) filed on February 10, 2005. The court held a hearing in this case on February 18, 2005, at 10:00 a.m. in courtroom 7A.

"A claim of fraudulent joinder must be pleaded with particularity, and supported by clear and convincing evidence." *Parks v. New York Times Co.*, 308 F.2d 474, 478 (11th Cir. 1962) (citations omitted). "The burden of the removing party is a '"heavy one."'" *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted). Regarding the application of the fraudulent joinder standard, the Eleventh Circuit has explained:

> In terms of this circuit's law, the main point for us is this one: For a Plaintiff to present an arguable claim against an in-state defendant and, therefore, to require a case removed to federal court to be remanded to state court, the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that in-state defendant. For a remand, the plaintiff's burden is much lighter than that: after drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be 'a reasonable basis for predicting that the state law *might* impose liability on the facts involved.'

*Crowe*, 113 F.3d at 1541-42 (citation omitted) (emphasis added in *Crowe* opinion). In a later fraudulent joinder decision, the Eleventh Circuit elaborated:

> The fact that the plaintiffs may not ultimately prevail against the individual defendants because of an insufficient causal link between the defendants' actions and the plaintiffs' injuries does not mean that the plaintiffs have not stated a cause of action for purposes of the fraudulent joinder analysis. In a fraudulent joinder inquiry, 'federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.' *Crowe*, 113 F.3d at 1538.

*Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380-81 (11th Cir. 1998).

Assuming without deciding that a deposition transcript can constitute "other paper", that Wyeth has not waived its right to remove, and that Wyeth's removal is timely under 28 U.S.C. § 1446(b), its removal papers, at best, are an attack on the strength of Plaintiffs' claims and amount to a showing that Plaintiffs "may not ultimately prevail against" Defendant Hicks. However, Wyeth's efforts are inadequate in terms of demonstrating that Plaintiffs have not stated a cause of action under Alabama law.

More specifically, even when viewed in the light most favorable to Plaintiffs, the court cannot conclude based upon the record evidence before it, that Plaintiffs have no possible state law claim against Defendant Hicks. The Eleventh Circuit has made it clear that it is impermissible for the court to weigh the evidence beyond the limited threshold of whether an arguable claim exists. *Crowe*, 113 F.3d at 1542 ("In the remand context, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims.").

Therefore, with these binding directives from the Eleventh Circuit in mind, and based upon the persuasive authority already cited in related remand decisions made by the undersigned, *e.g., Rhonda P. Bradford v. Wyeth*, United States District Court for the Northern District of Alabama, CV 03-P-3157-M, February 27, 2004 (Doc. #36), as well identical decisions made by other judges of this

court, *e.g.*, *Martha M. Davis v. Wyeth, et al.*, United States District Court for the Northern District of Alabama, CV 03-J-3167-J, February 25, 2004 (Doc. #17); *Ann McGowan, et al. v. Wyeth, Inc., et al.*, United States District Court for the Northern District of Alabama, CV 04-TMP-298-S, February 24, 2004 (Doc. #12); *Juanita Johnson, et al. v. Wyeth, et al.*, United States District Court for the Northern District of Alabama, CV 04-TMP-224-S, February 23, 2004 (Doc. #11); *Jevenari Marshal, et al. v. Wyeth, Inc., et al.*, United States District Court for the Northern District of Alabama, CV 04-TMP-179-S, February 18, 2004 (Doc. #17), Plaintiffs' Motion to Remand is due to be granted, and the case is due to be remanded to the Circuit Court of Etowah County, Alabama.[1]

**DONE** and **ORDERED** this ___28th___ day of February, 2005.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[1] The court does not believe that Defendant's removal was in bad faith and, therefore the court denies that portion of Plaintiffs' motion which seeks sanctions.